UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAYMOND M. MARTIN,

    Petitioner,

        v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 15-cv-00311-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Raymond M. Martin's Motion (Doc. 1) to Vacate, Set Aside or Correct her sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Petitioner's motion survives this threshold review and the Court orders the government to file its response.

On September 23, 2010, Raymond M. Martin was found guilty by jury trial of fifteen offenses including distribution of marijuana, carrying a firearm during a drug trafficking crime, and witness tampering. He was sentenced on January 19, 2011, to custody of the Bureau of Prisons for 60 months as to Counts 1,2,3,6, and 15; 120 months as to Counts 7 through 14; and life with regard to Counts 4 and 5; to run concurrent.

Petitioner appealed and the Seventh Circuit affirmed the conviction, but vacated the sentence. As such, the case was remanded for resentencing and the Court resentenced the Petitioner to the same sentence on December 7, 2012. The Petitioner again appealed and that appeal was dismissed on February 6, 2014.

Petitioner filed his 28 U.S.C. § 2255 Petition on March 20, 2015, alleging ineffective

assistance of counsel at his trial.  A judgment of conviction becomes final for § 2255 purposes when the time expires for filing a petition for *certiorari* contesting the appellate court's decision affirming of the conviction.  *Clay v. United States*, 537 U.S. 522, 524-25 (2003).  The period for filing such a petition expires 90 days after the court of appeals enters judgment or denies a petition for rehearing.  S. Ct. R. 13.  As such, Petitioner's 28 U.S.C. § 2255 Petition is timely filed.

The Court has reviewed the petition and has identified the following claim:

1. Whether Petitioner was denied due process by ineffective assistance of counsel for failing to object to the lack of a federal nexus;
2. Whether Petitioner was denied due process by ineffective assistance of counsel for failing to request a *Franks* hearing challenging the accuracy of the statements of Jeremy Potts;
3. Whether Petitioner was denied due process by ineffective assistance of counsel for failing to present an alibi defense;
4. Whether Petitioner was denied due process by ineffective assistance of counsel for failing to investigate Petitioner's alibi defense including interviewing witnesses with regard to Petitioner's alibi defense;
5. Whether Petitioner was denied due process by ineffective assistance of counsel for failing to object to the weapon related charges;
6. Whether Petitioner was denied due process by ineffective assistance of counsel for failing to contact and call as witness relevant witnesses;
7. Whether Petitioner was denied due process by ineffective assistance of counsel for failing to argue an entrapment defense; and
8. Whether Petitioner was denied due process by ineffective assistance of counsel for failing to object to the seizure of Petitioner's assets without due process that in effect prohibited Petitioner from retaining counsel of his choosing.

The Court **ORDERS** the Government to file a response to Martin's petition (Doc. 1) by **April 27, 2015.** The Government shall, as part of its response, attach all relevant portions of the

record. Petitioner may file a reply brief (no longer than 5 pages) by **May 11th, 2015.**    If review of the briefs indicates that an evidentiary hearing is warranted, the court will set the hearing by separate notice.

**IT IS SO ORDERED.**

**DATED:**    3/25/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
