IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAYMOND M. MARTIN,

    Petitioner,

        v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 15-cv-00311-JPG

## MEMORDANDUM AND ORDER

This matter comes before the Court on petitioner Raymond M. Martin's Motion [Doc. 33] for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). The government has not filed a response and the time for doing so has not expired. However, the Court does not require a response.

On September 23, 2010, Raymond M. Martin was found guilty by jury trial of fifteen offenses including distribution of marijuana, carrying a firearm during a drug trafficking crime, and witness tampering. He was sentenced on January 19, 2011, to custody of the Bureau of Prisons for 60 months as to Counts 1,2,3,6, and 15; 120 months as to Counts 7 through 14; and life with regard to Counts 4 and 5; to run concurrent.

Petitioner appealed and the Seventh Circuit affirmed the conviction, but vacated the sentence. As such, the case was remanded for resentencing and the Court resentenced the Petitioner to the same sentence on December 7, 2012. The Petitioner again appealed and that appeal was dismissed on February 6, 2014.

Petitioner filed his 28 U.S.C. § 2255 Petition on March 20, 2015, alleging numerous claims of ineffective assistance of counsel at both the trial and appellate levels. The Court found no merit in the petitioner's § 2255 and entered judgment in favor of the United States of America

on January 26, 2017.  The petitioner filed a notice of appeal on February 21, 2017 and the appeal is currently pending before the United States Court of Appeals for the Seventh Circuit.  *See Martin v. USA, No. 17-1390* (*appeal docketed.*)

A district court does not have jurisdiction to grant a Rule 60(b) motion filed while the case is on appeal.  *Boyko v. Anderson*, 185 F.3d 672, 674-75 (7th Cir. 1999).  It does, however, have jurisdiction to deny such a motion, and should do so expeditiously if the motion appears to be without merit.  *Id.*  Further, a post-judgment motion such as a Rule 60(b) motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits, is a successive petition.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion).

Here, petitioner is clearly raising a new ground for relief and attacking the Court findings with regard to petitioners' proffers.  Petitioner is now alleging that his trial counsel was ineffective for allowing the petitioner to proffer and also that the petitioner was under the influence of an "overdose of medication when the proffers were allegedly signed."  These issues were not presented in petitioner's initial 28 U.S.C. § 2255 petition.

Even if this argument had been presented in the initial § 2255 petition and the Court had disregarded the petitioner's proffer, the Court would not have granted the relief petitioner sought.  There was overwhelming evidence of petitioner's offenses and no indication of ineffective assistance of counsel at any time.  However, whether petitioner was competent to proffer is not an issue before this Court due to jurisdiction.

"Unless and until the movant seeks and obtains permission from the court of appeals to file such a motion, the district court is without jurisdiction to entertain his request."  *U.S. v.*

*Carraway*, 478 F.3d 845, 849 (7th Cir. 2007).

Therefore, Petitioner's Rule 60(b) Motion [Doc. 33] is **DISMISSED** for lack of jurisdiction.  The Clerk of Court is **DIRECTED** to send a copy of this Order to the United States Court of Appeals for the Seventh Circuit with regard to appellate case number *17-1390*.

**IT IS SO ORDERED.**
**DATED:**  3/16/2017

               *s/J. Phil Gilbert*
               **J. PHIL GILBERT**
               **DISTRICT JUDGE**